IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| JARED M. SMITH, #K58441, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| vs. | ) | Case No. 18−cv−1677−SMY |
| | ) | |
| JAMES R. WILLIAMSON, and | ) | |
| MATTHEW SWALLS, | ) | |
| | ) | |
| Respondents. | ) | |

## MEMORANDUM AND ORDER

**YANDLE, District Judge:**

Petitioner Jared Smith, an inmate who is currently incarcerated at Vienna Correctional Center, has filed a Petition for Writ of Mandamus pursuant to 28 U.S.C. § 1651 (Doc. 1). He seeks an order directing Warden Matthew Swalls and Circuit Judge James Williamson of Johnson County, Illinois to arrange for his immediate release from custody. (Doc. 1, pp. 1-4). This case is before the Court for preliminary review pursuant to 28 U.S.C. § 1915A. Under § 1915A, the Court is required to screen prisoner Complaints to filter out non-meritorious claims. *See* 28 U.S.C. § 1915A(a). Any portion of a Complaint that is legally frivolous, malicious, fails to state a claim upon which relief may be granted, or asks for money damages from a defendant who by law is immune from such relief, must be dismissed. 28 U.S.C. § 1915A(b).

## Writ of Mandamus

Two different federal statutes address writs of mandamus. *See* 28 U.S.C. § 1361 and 28 U.S.C. § 1651. However, federal courts have no authority to grant mandamus relief against state officials, which is the exact relief Smith seeks. *See* 28 U.S.C. § 1361 (federal mandamus jurisdiction is limited to actions against "an officer or employee of the United States or any

1

agency thereof"). *See also* 28 U.S.C. § 1651(a) ("The Supreme Court and all courts established by Act of Congress may issue all writs necessary or appropriate in *aid* of *their* respective jurisdictions and agreeable to the usages and principles of law" (emphasis added)). Whether or not Smith may be entitled to relief if he were to file his action in an Illinois state court or as a federal habeas corpus action is beyond the scope of this Order.

For the foregoing reasons, this Court lacks jurisdiction to consider Smith's Petition. Accordingly, this case will be dismissed without prejudice.

## Disposition

**IT IS HEREBY ORDERED** that this action is **DISMISSED** without prejudice for lack of federal jurisdiction. Petitioner is **ADVISED** that this dismissal shall <u>not</u> count as one of his allotted "strikes" under the provisions of 28 U.S.C. § 1915(g). *See Haury v. Lemmon*, 656 F.3d 521 (7th Cir. 2011).

**IT IS FURTHER ORDERED** that Petitioner's Motion for Leave to Proceed *In Forma Pauperis* (Doc. 2) is **DENIED**. Review of Petitioner's litigation history on the Public Access to Court Electronic Records ("PACER") website (www.pacer.gov) reveals that he has "struck out" by filing three or more prior federal civil actions as a prisoner that were dismissed as frivolous, malicious, or for failure to state a claim upon which relief may be granted. *See Smith v. Roberson*, No. 17-cv-03092-JES (C.D. Ill. dismissed Sept. 21, 2017); *Smith v. Walsh*, No. 17-cv-3105-JES (C.D. Ill. dismissed Sept. 21, 2017); *Smith v. City of Danville*, No. 17-cv-2323-CSB-EIL (C.D. Ill. dismissed Jan. 5, 2018).

Under the circumstances, Petitioner is ineligible to proceed IFP, unless his Petition demonstrates that he faces imminent danger of serious physical injury. 28 U.S.C. § 1915(g). Petitioner must clear this hurdle, even though he filed a mandamus action. *See Bruce v. Samuels*,

2

–––– U.S. ––––, 136 S.Ct. 627 (2016) (assumes without deciding that a mandamus petition qualifies as a "civil action" or "appeal" for purposes of 28 U.S.C. § 1915(b)). The Petition does not suggest that Petitioner faces imminent danger of serious physical injury. (Doc. 1). Therefore, he is ineligible to proceed IFP.  The $400.00 filing fee obligation stands.

**IT IS SO ORDERED.**

**DATED: October 12, 2018**

<u>**s/STACI M. YANDLE**</u>
**United States District Judge**